IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CAPITOL RECORDS, WARNER BROS. RECORDS, SONY BMG MUSIC ENTERTAINMENT, MAVERICK RECORDING, UMG RECORDINGS, and BMG MUSIC, | ) ) ) ) ) ) ) | CASE NO. 8:06CV267 |
| Plaintiffs, | ) ) | JUDGMENT BY DEFAULT and PERMANENT INJUNCTION |
| v. | ) ) ) | |
| DAWN SCHMIDT, | ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on the Plaintiffs' Motion For Default Judgment and Permanent Injunction (Filing No. 12). Having reviewed the entire record, including the Complaint and its attachments, the entry of default, and declaration in support of the motion (Filing No. 10), and being fully advised in the premises, the Court makes the following findings.

A Return of Service has been filed stating that Defendant Dawn Schmidt was served with a summons and the Complaint in this action on July 6, 2006 (Filing No. 7). Entry of Schmidt's default was filed by the Clerk of the Court on September 14, 2006, (Filing No. 11), and a copy of the Entry of Default was mailed to the Defendant at the address contained in the summons. Schmidt has not filed an answer or otherwise appeared in this action.

Plaintiffs seek a default judgment and permanent injunctive relief against Schmidt. I find that the Plaintiffs have complied with Fed. R. Civ. P. 55 and NECivR 55.1(c), and that the allegations of the complaint may be taken as true for purposes of

this motion. Based on Schmidt's infringement of the Plaintiffs' copyrights in the sound recordings listed in Exhibit A to the Complaint, and taking the allegations in the Complaint as true, there is due from Schmidt to the Plaintiffs the sum of $8,250.00, plus costs in the amount of $ 320.00. Based on these facts,

IT IS ORDERED, ADJUDGED AND DECREED:

1)  Plaintiffs' Motion for Default Judgment and Permanent Injunction (Filing No. 12) is granted;

2)  Judgment is entered in favor of the Plaintiffs and against the Defendant Dawn Schmidt as follows:

a.  Defendant shall pay damages to Plaintiffs for infringement of Plaintiffs' copyrights in the sound recordings listed in Exhibit A to the Complaint and incorporated herein by this reference, in the total principal sum of Eight Thousand Two Hundred Fifty Dollars ($8,250.00);

b.  Defendant shall pay the Plaintiffs' costs the action in the amount of Three Hundred Twenty Dollars ($320.00);

c.  Defendant is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

• "Where The Blacktop Ends," on album "Keith Urban," by artist "Keith Urban" (SR# 273-265);

• "Comfortably Numb," on album "The Wall," by artist "Pink Floyd" (SR# 14-787);

• "Material Girl," on album "Like a Virgin," by artist "Madonna" (SR# 59-442);

- "Smooth Criminal," on album "Bad," by artist "Michael Jackson" (SR# 84-256);

- "Far Behind," on album "Candlebox," by artist "Candlebox" (SR# 171-393);

- "Black Or White," on album "Dangerous," by artist "Michael Jackson" (SR# 178-165);

- "Desert Rose," on album "Brand New Day," by artist "Sting" (SR# 271-015);

- "Pour Some Sugar on Me," on album "Hysteria," by artist "Def Leppard" (SR# 90-420);

- "Tough Guys," on album "Hi Infidelity," by artist "REO Speedwagon" (SR# 24-298);

- "Born Country," on album "Born Country," by artist "Alabama" (SR# 235-743);

- "The Closer You Get," on album "Closer You Get," by artist "Alabama" (SR# 49-145);

and in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant

also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

DATED this 5th day of October, 2006.

                              BY THE COURT:

                              s/Laurie Smith Camp
                              United States District Judge